CHARLES WALKER v. DANIEL P. KING, JOHN B. DURKEE, OLI-
VER S. CURTIS, JOHN K. FLINT, DANIEL G. BOS-
WORTH, ELISHA FLINT, AND RICHARD WILLS.

[IN CHANCERY.]

(S. C. 44 Vt. 601.)

The petitioner took a mortgage of the equity of redeeming three prior mortgages. The defendants,. F. and M., purchased the mortgagor's equity of redemption, and paid therefor the first two mortgages and a portion of the third, and thereupon went into possession of the premises, and they, and their assigns, of whom were the other defendants, ever after occupied the same, and took the rents and profits to themselves.

*Held*, that the defendants were entitled to the rents and profits, without accounting to any one, the same as the mortgagor would have been entitled had the possession of the premises remained in him.

*Held*, also, that the defendants, by subrogation, acquired all the rights which the respective mortgagees had by virtue of their mortgages, to the extent to which they paid off said mortgages, and that said mortgages, to that extent, constituted a part of the defendants' title to the premises, and that the petitioner was always bound to respect said mortgages to that extent.

*Held*, also, that the defendants were entitled to interest on said mortgages, to be computed according to the terms thereof, except as to those which had been merged in a decree, which would bear simple interest only.

PETITION to foreclose a mortgage. The petitioner's mortgage was executed by Cyrus Safford, on the first day of January, 1857, and was subject to three prior mortgages on the same premises, executed by the said Safford, as follows : one to the South Royalton Bank ; one to Edwin S. Wood ; and one to Nancy Safford. The

said Cyrus Safford deceased, and his administrator sold and convey-ed said mortgage premises to Benjamin Flint and Lorenzo Mosier, on the 7th of October, 1858, in consideration that they should pay said bank mortgage and said Wood mortgage, and $800 on the Nancy Safford mortgage. Said bank mortgage was assigned to the state treasurer, who obtained a decree of foreclosure thereon at the May term, 1859, of Windsor county court of chancery, which said decree was, on the 20th of June, 1860, assigned to the defendant Elisha Flint, to whom the said Benjamin had conveyed his interest in said premises; and the said Elisha and the said Mosier, or his administrator, paid the full amount of said consideration, according to the agreement with the administrator of the said Safford. The petitioner was not a party to said decree. Soon after the purchase of said premises as aforesaid, the said Benjamin and the said Mosier went into the several possession thereof, and they, and those claiming under them, of whom are the defendants, have ever since been in possession, claiming to own the same, and taking the rents and profits to themselves.

This cause was remanded from the supreme court at the February term, 1872, with a mandate that the petitioner was entitled to a decree of foreclosure against the defendants, upon payment by him of the sum due upon said prior mortgages which had been paid off by the defendants, and not otherwise; and at the May term, 1872, of the court of chancery, on leave for that purpose granted pursuant to said mandate, the petitioner amended his petition to conform to the facts found by the master in his report theretofore made, and prayed to be permitted to redeem said prior mortgages; and the cause was referred to a master to find the sum due on said prior mortgages, and whether, and for what length of time, the said Benjamin and Mosier, and the defendants, had been in possession of said premises. The yearly rental of said premises was found in said report to be $400, aside from the buildings and taxes. At the December term, 1872, the master reported the amount of the decree on said bank mortgage at the date thereof, and computed both simple and annual interest thereon from said date, and stated the different amounts, and found that said mortgage was given to secure the said Safford's

bond to said bank in the penal sum of $4,400, conditioned for the payment of that sum on the first day of January, 1860, with interest semi-annually; and, if said bond should be assigned to the state treasurer, and said bank should at any time neglect or refuse to redeem its circulating notes on demand, then to become due and payable immediately. The amount of said Wood mortgage was reported, with interest computed in a similar manner, and the different amounts stated, as was also the amount of the $800 paid on the Nancy Safford mortgage. The master found that the Wood mortgage was given to secure notes bearing annual interest, and that the debt secured by the Nancy Safford mortgage was much more than $800, and did not bear annual interest. The master also found that at the time of the commencement of this suit, the defendants, King, Durkee, Curtis, Jonas K. Flint, Bosworth, and Wills, were each in possession of some portion of said premises, and that they together occupied the whole thereof. The court, at the December term, 1872, BARRETT, Chancellor, decreed that the sum due upon said prior mortgages, and to be paid by the petitioner, was that reported by the master, including the largest sum computed by him as interest thereon. Appeal by the petitioner as to the sum due and to be paid by him.

*W. C. French*, for the petitioner.

This court held in this case at their February term, 1872, that the petitioner must redeem the mortgages prior to his own, which were paid by Flint and Mosier, and the only question remaining open is as to the interest on the sums thus paid by Flint and Mosier.

It appears that the only consideration from Flint and Mosier for the premises deeded them by Safford's administrator, was their agreement to pay said prior mortgages; that they paid said mortgages in pursuance thereof, and immediately upon the conveyance took possession of the premises, and, by themselves and their assigns, have ever since possessed the same, taking the rents and profits to themselves.

We insist that the defendants, having had the possession of the premises, are not in equity entitled to claim interest on the pur-

chase money. To compel the petitioner to pay interest, would allow the defendants to have and enjoy the premises since October, 1858, without any consideration whatever. It is a well settled equitable rule, that in case of an estate for life, charged with an incumbrance, the tenant for life is bound to keep down the interest out of the rents and profits, but he is not bound to pay the incumbrance itself. · 4 Kent Com. 74; 1 Greenl. Cruise, 110, 659. The same equitable rule applies in the case at bar. When a grant is subject to a mortgage, the land granted will be primarily liable for the debt, and must be applied to its payment in the first instance, in exoneration of the personal liability of the mortgagor. 2 Lead. Cas. Eq. 242; *Marsh* v. *Pike*, 10 Paige, 595; *Ferris* v. *Crawford*, 2 Denio, 595; *Cornell* v. *Prescott*, 2 Barb. 17. Interest is allowed as incident to the debt on the agreement of the parties, express or implied, or as damages for not paying money when the party ought to pay. *Abbott* v. *Wilmot*, 22 Vt. 437; *Evarts* v. *Nason's Estate*, 11 Vt. 122; *Hubbard et al.* v. *Branch R. R. Co.* 11 Pick. 124. The rule of subrogation is never enforced against the superior equities of third persons. 1 Lead. Cas. Eq. 161, and cases cited.

If the petitioner should be held to pay interest, we insist it should be only simple interest on the state treasurer decree and the Nancy Safford mortgage. Said decree bore simple interest when it was paid, and the defendants cannot be subrogated to any greater or higher rate of interest than the decree bore. Whatever the original cause of action was, it became merged in the decree, the same as in case of a judgment at law. 1 Chit. Pl. 120; *Sawyer et al.* v. *Vilas*, 19 Vt. 43; *Marshall* v. *Aiken et als.* 25 Vt. 327; *LeFargo* v. *Horton*, 3 Denio, 157. The judgment is a new contract of a higher nature, and simple interest only can be cast upon it. The Nancy Safford mortgage bore simple interest, and cannot be changed by the defendants to a debt bearing annual interest.

*S. E. & S. M. Pingree* and *D. C. Denison*, for the defendants. The highest cast of the master on the Wood mortgage, is correct. We claim the same on the $800 paid on the Nancy Safford

mortgage. We also claim the same as to the state treasurer decree, and insist that, at least, the rate due by the contract on which said decree was based, should be allowed as against a subsequent incumbrancer.

The opinion of the court was delivered by

WHEELER, J. The orator appears to have taken a mortgage of the equity of redemption of three prior mortgages. The defendants, Flint and Mosier, appear to have purchased the equity of redemption of the first two mortgages at the price of eight hundred dollars, which they were to pay on the third. The balance of the third mortgage does not appear to have been paid off by any of the parties to this suit, and probably was extinguished by the administrator of the mortgagor, as it was his duty towards these parties to extinguish it. When these defendants purchased the interest and rights of the mortgagor and went into possession, they became entitled to the rents and profits of the premises, without accountability to any one, the same as the mortgagor himself or his administrator would have been entitled had the possession of the premises remained in either of them. And when they paid off the first two mortgages, and eight hundred dollars of the third, they, by subrogation, acquired all the rights which the respective mortgagees had by virtue of their mortgages, to the extent to which they paid off the mortgages. To the extent to which the administrator of the mortgagor extinguished the third mortgage, the orator was not bound to respect it at all, for it was paid by the party who, as to all the other parties, ought to pay it. But the mortgages to the extent to which they were paid off by the defendants, constituted a part of their title to the premises, and the orator was always bound to respect those mortgages to that extent. These defendants, as between their vendor and themselves, were not bound to pay the orator's mortgage, but were to have the premises for what they were to pay on the others, and should they be compelled now to either redeem the orator's mortgage, or permit him to redeem the premises upon payment of what they paid at the time of their purchase, without interest, it would be compelling them to

pay the amount of his mortgage more than they were to pay for the premises, or else to allow him to take the premises from them now at the price they paid for the premises then. This would be holding the defendants to stand all risk of a fall in the value of the premises, and allowing the orator to watch and take advantage of a rise in the value to improve his security, without risk, and would be very unjust to the defendants; while to allow them to stand upon the title which they acquired by paying off the mortgages to the extent they did, just as the mortgagees could have stood upon them if they had held them till now, will be more nearly just to them, and will do no injustice to the orator, for that will permit him to stand as mortgagee of the equity of redemption of the mortgages prior to his, which was where he placed himself when he took his mortgage, and where he was contented to stand ever after, until he commenced this proceeding. He has all the while had the right to foreclose his own mortgage by redeeming the prior ones in the hands of the defendants, all of whom stand upon the rights of Flint and Mosier, but, as he has chosen to lie by and let the interest accrue rather than to do so, he cannot now be permitted to foreclose his mortgage without redeeming those, with interest.

The mortgage to the South Royalton Bank at the time it was taken by Flint and Mosier, had, as against the mortgage premises, become merged in a decree of foreclosure, which bore simple interest only, and the defendants are entitled to simple interest only upon that mortgage. The mortgage to Wood bore annual interest, and was never merged, and the defendants are entitled to stand upon it according to its terms. The Nancy Stafford mortgage bore only simple interest, and that only is claimed by the defendants.

Decree of the court of chancery reversed, and cause remanded, with mandate to enter a decree of foreclosure for the orator upon the redemption by him of the South Royalton Bank mortgage, and the Nancy Safford mortgage, reckoned at simple interest, and the Wood mortgage, reckoned at annual interest.